FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 20 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS JAMES W. McCORMACK, CLERK
WESTERN DIVISION                    By:_____SDavis_____
                                                        DEP CLERK

| | | |
|---|---|---|
| EMILY B. CARRIGAN; AND PATRICK CARRIGAN, AS POWER OF ATTORNEY FOR EMILY B. CARRIGAN | ) ) ) | Case No. 4:12 cv 236 Swiw |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP; FIRST PENN-PACIFIC LIFE INSURANCE COMPANY; and, LINCOLN NATIONAL LIFE INSURANCE COMPANY | ) ) ) ) ) ) | This case assigned to District Judge Wright and to Magistrate Judge Kay |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 & 1446, Defendants, Lincoln National Corporation d/b/a Lincoln Financial Group; First Penn-Pacific Life Insurance Company; and Lincoln National Life Insurance Company ("Defendants") file this Notice of Removal of this civil action from the Circuit Court of Pulaski County, Arkansas to the United States District Court for the Eastern District of Arkansas, Western Division. In support of this Notice, Defendants state the following:

1. The Plaintiffs commenced this civil action, *Emily B. Carrigan, et al v. Lincoln National Corporation, et al*, Civil Action No. 60CV-2012-1369, on March 22, 2012 in the Circuit Court of Pulaski County, Arkansas, Seventeenth Division. The Plaintiffs filed an Amended Complaint in this matter on March 27, 2012, adding additional defendants First Penn-Pacific Life Insurance Company and Lincoln National Life Insurance Company.

2.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Amended Complaint and all process and pleadings are attached as Exhibit "A."  Defendants were served with process on March 30, 2012; accordingly, this Notice of Removal is filed within thirty days of such service and is timely under 29 U.S.C. § 1446(b).

3.    The Amended Complaint alleges that Defendants breached the insurance policy between Plaintiff Emily B. Carrigan and Defendants.

4.    Under 28 U.S.C. § 1441, removal is proper because this Court has original jurisdiction over this action.  Such original jurisdiction is based on 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum.  The named Plaintiffs in this case allege to be residents of Arkansas. None of the Defendants are citizens of Arkansas.[1]  Therefore, there is complete diversity of citizenship among the parties.

5.    In diversity cases, federal courts have jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.  In the Amended Complaint, Plaintiffs allege they have suffered damages of $84,425.00 through March 22, 2012 and that damages are continuing.  *See* Am. Compl. ¶¶ 13-14.  The Plaintiffs seek compensatory damages, consequential damages, declaratory judgment, a statutory penalty, attorneys' fees, and interest.

6.    Because complete diversity exists and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, subject matter jurisdiction is proper in this Court

---

[1] The Lincoln National Life Insurance Company is a foreign corporation organized under the laws of Indiana, with its principal place of business in Indiana.   Lincoln Financial Group is not a corporation or legal entity but is merely a trade name or marketing name for the subsidiaries of Lincoln National Corporation. Lincoln National Corporation is a foreign corporation organized under the laws of Indiana, with its principal place of business in Pennsylvania. Defendant First Penn-Pacific Life Insurance Company is a subsidiary of Lincoln National Corporation. First Penn-Pacific Life Insurance Company is a foreign corporation organized under the law of the State of Indiana, with its principal place of business in Illinois.

under 28 U.S.C. § 1332, making this removal proper.   *See Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).

7.      Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, Defendants are giving written Notice of the Notice of Removal to the Circuit Court of Pulaski County, Arkansas.

This the 19th day of April, 2012.

> Respectfully submitted,
>
> BAKER, DONELSON, BEARMAN,
> CALDWELL & BERKOWITZ
>
> Leigh M. Chiles (AR Bar No. 98223)
> Stacie S. Winkler (TN Bar No. 23098)
> First Tennessee Building
> 165 Madison Avenue, Suite 2000
> Memphis, TN 38103
> (901) 526-2000
> lchildes@bakerdonelson.com
> swinkler@bakerdonelson.com
>
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record, via U.S. Mail and has been submitted through the ECF system for the Eastern District of Arkansas on the 19th day of April, 2012 upon:

> Paul J. James
> James, Carter & Coulter, PLC
> 500 Broadway, Suite 400
> P. O. Box 907
> Little Rock, Arkansas 72203

> Stacie S. Winkler

# Exhibit A

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

### 17TH DIVISION

EMILY B. CARRIGAN; AND
PATRICK CARRIGAN,
AS POWER OF ATTORNEY FOR
EMILY B. CARRIGAN

PLAINTIFF

ELECTRONICALLY
FILED

VS.     60CV 2012-1369       MAR 2 2 2012

TIME: 11:19:28

LINCOLN NATIONAL CORPORATION
D/B/A LINCOLN FINANCIAL GROUP

DEFENDANT

## COMPLAINT

Comes now Emily B. Carrigan and Patrick Carrigan, for the benefit of Emily B. Carrigan, by and through their attorneys, James, Carter & Coulter, PLC and for their Complaint against the Defendant, hereby allege and state that:

1.     Emily B. Carrigan is an individual residing in Pulaski County, Arkansas. Her son, Patrick Carrigan, has been appointed power of attorney to act on her behalf. Emily B. Carrigan and Patrick Carrigan are hereinafter collectively referred to as "Plaintiff".

2.     Lincoln National Corporation does business in the State of Arkansas as Lincoln Financial Group.

3.     Venue is proper in Pulaski County, Arkansas pursuant to Ark. Code Ann. §23-79-204.

4.     On May 25, 1995, in consideration of payment of a premium, Plaintiff purchased a Convalescent Care Benefit Rider insurance policy.

5.     All premiums due on the Convalescent Care Benefit Rider have been paid by Plaintiff. At the time of the claims herein, the described policy was in full force and effect.

1

6.     The Convalescent Care Benefit Rider stated in part as follows:

PART 7: ALZHEIMER'S DISEASE AND SENILITY

"This Rider will cover qualified care resulting from a clinical diagnosis of Alzheimer's Disease or similar forms of senility or irreversible dementia. Any exclusion contained in this Rider for mental disorders does not apply to these conditions."

7.     Beginning in 2004, Plaintiff Emily B. Carrigan began suffering from the effects of Alzheimer's Disease, senility and irreversible dementia.  On October 24, 2008, Plaintiff made a claim for the $75.00 per day benefit pursuant to terms of her policy.

8.     On April 16, 2009 the claim was denied by the Defendant.

9.     On November, 10, 2010, Plaintiff resubmitted her claim in accordance with the terms of the policy.

10.    On June 15, 2011, the claim was denied by the Defendant.

11.    Plaintiff, through counsel, have made written requests for copies of Plaintiff Emily Carrigan's file and Defendant has ignored and has not responded to these requests.

12.    By failing to pay Plaintiff's claims, at the date of this filing she has been damaged in the amount of $75.00 per day since January 24, 2009 (ninety days grace period after the initial claim).

13.    Plaintiff's damages are $84,425.00 through March 22, 2012.

14.    Plaintiff's damages are continuing.

15.    Plaintiff seeks damages for benefits denied in the past and, declaratory judgment that the benefits are due.

16.    Pursuant to Ark. Code Ann. §23-79-208, Plaintiff is entitled to damages, attorneys fees, and statutory penalty, prejudgment plus post judgment interest.

2

WHEREFORE, Plaintiff Emily B. Carrigan and Patrick Carrigan, for the benefit of Emily B. Carrigan, pray that they have and recover judgment from the Defendant for the costs incurred herein, including reasonable attorney's fees and for all other relief to which they may be entitled.

Respectfully submitted,

**EMILY B. CARRIGAN; AND,
PATRICK CARRIGAN, FOR THE
BENEFIT OF EMILY B. CARRIGAN**

By:_____
Paul J. James (Ark. Bar No. 83091)
James, Carter & Coulter, PLC
500 Broadway, Suite 400
P.O. Box 907
Little Rock, Arkansas 72203
Telephone: (501) 372-1414
Facsimile: (501) 372-1659
pjj@jamescarterlaw.com
Attorney for the Plaintiff

3

ELECTRONICALLY FILED
2012-Mar-27 12:39:03
60CV-12-1369

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SEVENTEENTH DIVISION

EMILY B. CARRIGAN; AND
PATRICK CARRIGAN,
AS POWER OF ATTORNEY FOR
EMILY B. CARRIGAN                                                    PLAINTIFF

VS.                        CASE NO. 60CV-2012-1369

LINCOLN NATIONAL CORPORATION
D/B/A LINCOLN FINANCIAL GROUP;
FIRST PENN-PACIFIC LIFE INSURANCE
COMPANY; and, LINCOLN NATIONAL
LIFE INSURANCE COMPANY                                              DEFENDANTS

## AMENDED COMPLAINT

Comes now Emily B. Carrigan and Patrick Carrigan, for the benefit of Emily B.

Carrigan, by and through their attorneys, James, Carter & Coulter, PLC and for their First

Amended Complaint against the Defendants, hereby allege and state that:

1.      Emily B. Carrigan is an individual residing in Pulaski County, Arkansas.

Her son, Patrick Carrigan, has been appointed power of attorney to act on her behalf.

Emily B. Carrigan and Patrick Carrigan are hereinafter collectively referred to as

"Plaintiff".

2.      Lincoln National Corporation does business in the State of Arkansas as

Lincoln Financial Group.  First Penn-Pacific Life Insurance Company is an insurance

company doing business in Arkansas.  First Penn-Pacific Life Insurance Company is a

part of Lincoln National Corporation.  Lincoln National Life Insurance Corporation is an

insurance company doing business in Arkansas acting as an administrative agent for

Lincoln Financial Group.  Lincoln National Corporation d/b/a Lincoln Financial Group;

1

First Penn-Pacific Life Insurance Company; and, Lincoln National Life Insurance Company are hereinafter collectively referred to as "Defendant".

3.      Venue is proper in Pulaski County, Arkansas pursuant to Ark. Code Ann. §23-79-204.

4.      On May 25, 1995, in consideration of payment of a premium, Plaintiff purchased a Convalescent Care Benefit Rider insurance policy.

5.      All premiums due on the Convalescent Care Benefit Rider have been paid by Plaintiff. At the time of the claims herein, the described policy was in full force and effect.

6.      The Convalescent Care Benefit Rider stated in part as follows:

PART 7: ALZHEIMER'S DISEASE AND SENILITY

"This Rider will cover qualified care resulting from a clinical diagnosis of Alzheimer's Disease or similar forms of senility or irreversible dementia. Any exclusion contained in this Rider for mental disorders does not apply to these conditions."

7.      Beginning in 2004, Plaintiff Emily B. Carrigan began suffering from the effects of Alzheimer's Disease, senility and irreversible dementia. On October 24, 2008, Plaintiff made a claim for the $75.00 per day benefit pursuant to terms of her policy.

8.      On April 16, 2009 the claim was denied by the Defendant.

9.      On November, 10, 2010, Plaintiff resubmitted her claim in accordance with the terms of the policy.

10.     On June 15, 2011, the claim was denied by the Defendant.

11.     Plaintiff, through counsel, have made written requests for copies of Plaintiff Emily Carrigan's file and Defendant has ignored and has not responded to these requests.

12.     By failing to pay Plaintiff's claims, at the date of this filing she has been damaged in the amount of $75.00 per day since January 24, 2009 (ninety days grace period after the initial claim).

13.     Plaintiff's damages are $84,425.00 through March 22, 2012.

14.     Plaintiff's damages are continuing.

15.     Plaintiff seeks damages for benefits denied in the past and, declaratory judgment that the benefits are due.

16.     Pursuant to Ark. Code Ann. §23-79-208, Plaintiff is entitled to damages, attorneys fees, and statutory penalty, prejudgment plus post judgment interest.

WHEREFORE, Plaintiff Emily B. Carrigan and Patrick Carrigan, for the benefit of Emily B. Carrigan, pray that they have and recover judgment from the Defendant for the costs incurred herein, including reasonable attorney's fees and for all other relief to which they may be entitled.

Respectfully submitted,

**EMILY B. CARRIGAN; AND,
PATRICK CARRIGAN, FOR THE
BENEFIT OF EMILY B. CARRIGAN**

By:_____

Paul J. James (Ark. Bar No. 83091)
James, Carter & Coulter, PLC
500 Broadway, Suite 400
P.O. Box 907
Little Rock, Arkansas 72203
Telephone:  (501) 372-1414
Facsimile: (501) 372-1659
pjj@jamescarterlaw.com
Attorney for the Plaintiff

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

EMILY B. CARRIGAN; AND
PATRICK CARRIGAN,                    **17TH DIVISION**
AS POWER OF ATTORNEY FOR
EMILY B. CARRIGAN                                                    ELECTRONICALLY
                                                                     PLAINTIFF

VS.                         **60CV-2012-1369**           MAR 2 2 2012
                              CASE NO.                    TIME: 11:14:28
LINCOLN NATIONAL CORPORATION                             CASE #:
D/B/A LINCOLN FINANCIAL GROUP                            DEFENDANT

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
## FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO
## LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP

Pursuant to the Arkansas Rules of Civil Procedure, Plaintiff Emily B. Carrigan and
Patrick Carrigan as Power of Attorney for Emily B. Carrigan serve the following Interrogatories
and Requests for Production of Documents to be answered separately and fully in writing, under
oath, including opinions where fairly called for, in relation to fact or application of law to fact by
Defendant Lincoln National Corporation d/b/a Lincoln Financial Group.

Documents shall be produced in accordance with the Arkansas Rules of Civil Procedure.

Except as otherwise expressly indicated, the following definitions shall apply throughout
these interrogatories and requests:

I.       "Document" means any material subject to discovery under the Arkansas Rules of
Civil Procedure, including, but not limited to, the original and non-identical copies of
correspondence, memoranda, agreements, notes, handwritten notes and scratch pads or sheets,
accounting entries, purchasing order, invoices, statement of account, records, computer printouts,
calculations, tape recordings, and all of the writings, recordation of communications, recordings,
or data compilations, in whatever form, including drafts thereof, machine readable information,

1

and any material underlying supporting or used in the preparation of any document, now or formerly within the actual or constructive possession, custody, or control of Defendant Lincoln National Corporation d/b/a Lincoln Financial Group, or of which they are aware.

II.     "Identify" when used in reference to a natural person shall mean to state:  (1) his or her full name and present or last known residence address; (2) residence telephone number; (3) present or last known business affiliation, position, and address; (4) business telephone number; and (5) a complete description of his or her business affiliation(s) and position(s) during times relevant to the information sought by the interrogatory or requests.  To the extent that any of the above information is not available, state all other available means of identifying such natural person.

III.     "Identify" when used in reference to a person other than an individual, shall mean to state: (1) its full name; (2) nature or type of organization or association; (3) state under which same was organized; (4) address of principal place of business, and (5) principal line of business.  To the extent that any of the above information is not available, state any other available means of identifying such person other than that individual.

IV.     "Identify" when used in reference to a document shall mean to state its:  (1) date; (2) author; (3) type of document (e.g., letter, memoranda, receipt, invoice, schedule, report, telegram, chart, photograph, sound reproduction, or the like); and (4) its present location and the name and address of each present custodian.  If any such document was, but is no longer in defendants' possession, or subject to its control, or is no longer in existence, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transmitted or transferred to others; or (d) has been otherwise disposed of, and in each instance, explain the circumstances surrounding any authorization for such disposition and state the date or approximate date thereof.  To the

extent that any of the above information is not available, state any other available means of identifying such document.

V.   "Person" or "Persons" as used herein shall be deemed to include natural persons, firms, partnerships, association, joint ventures and corporations.

VI.   "And" as well as "or" should be construed disjunctively or conjunctively as necessary in order to bring within the scope of any interrogatory or request all responses which might otherwise be construed to be outside its scope.

VII.   "You" or "Yourself" means the person responding to these interrogatories and requests for production of documents.

VIII.   "Plaintiff" means Emily B. Carrigan, and Patrick Carrigan, as Power of Attorney for Emily B. Carrigan, or any subsidiary and/or affiliate thereof, and/or any of them individually, and their employees or agents, and/or their predecessors in interest.

IX.   "Defendant" means the Defendant in this case, Lincoln National Corporation d/b/a Lincoln Financial Group, or any subsidiary and/or affiliate thereof, and/or any one of them individually, and their employees or agents.

**INTERROGATORY NO. 1:**   Please identify yourself, including your age and social security number. Please also state any other name by which you have ever been known.

**INTERROGATORY NO. 2:**   Please state your title with or relationship to the Defendant for whom you are answering these interrogatories. Please identify all persons with knowledge as to the same.

**INTERROGATORY NO. 3:**   List the name, address, and telephone number of each person with knowledge about the claims in the complaint.

3

**INTERROGATORY NO. 4:**     Please identify all witnesses you intend to call at the trial of this matter and give a brief synopsis of their testimony.

**INTERROGATORY NO. 5:**     Please identify all exhibits you intend to introduce at trial of this matter.

**REQUEST FOR PRODUCTION NO. 1:**  For all exhibits identified in your response to Interrogatory No. 4, please provide a copy of each.

**INTERROGATORY NO. 6:**     With respect to each expert who is in such regular employ or is expected to testify at trial on your behalf, state:

    A.    The expert's name;

    B.    The subject matter on which the expert is expected to testify;

    C.    The substance of the facts and opinions to which the expert is expected to testify;

    D.    A summary of the grounds for each opinion held by the expert; and

    E.    A list of the cases the expert has testified as an expert witness at trial or by deposition in the last four years.

**INTERROGATORY NO. 7:**     Please identify all of Defendant's insurance policies issued to Plaintiff Emily B. Carrigan, and for each such policy, please state:

    A.    The name and address of the insurance company issuing such policy or policies;

    B.    The number of said policy or policies;

    C.    The effective date and expiration date of said policy or policies;

    D.    The amount of the deductible under each such policy;

    E.    Any exclusions within said policy which may be applicable to the Plaintiff's claims;

    F.    The limits of insurance coverage, if applicable, afforded by each such policy; and,

G.   The name, address, and position in the insurance company of the supervisory employee who is responsible for Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 2**: Please provide a copy of all insurance policies, for each policy listed in response to Interrogatory No. 5.

**REQUEST FOR PRODUCTION NO. 3**: Please provide a copy of the Defendant's complete claims file in regards to the claims filed by Emily B. Carrigan.

**INTERROGATORY NO. 9**:       Please state, in detail, the reasons Defendant denied Emily B. Carrigan's October 24, 2008 claim.

**INTERROGATORY NO. 10**:       Please state, in detail, the reasons Defendant denied Emily B. Carrigan's November 10, 2012 claim.

**REQUEST FOR PRODUCTION NO. 4**: Please identify and attach all documents written by Defendant's employees that refer to Emily B. Carrigan's claims.

**INTERROGATORY NO. 11**:       Please identify Defendant's corporate representative for purposes of this litigation.

**REQUEST FOR PRODUCTION NO. 5**: Please attach copies of all photographs, documents, records, or papers which in any way support any defense you have or intend to raise, including but not limited to any exhibits, documentary evidence or demonstrative evidence that you intend to use or rely upon at the trial of this case.

**INTERROGATORY NO. 12**: If your response to Request for Admission No. 1 filed simultaneously herewith is anything other than an unqualified admission, please state with specificity the basis of your denial.

**INTERROGATORY NO. 13**: If your response to Request for Admission No. 2 filed simultaneously herewith is anything other than an unqualified admission, please state with specificity the basis of your denial.

5

**INTERROGATORY NO. 14:** If your response to Request for Admission No. 3 filed simultaneously herewith is anything other than an unqualified admission, please state with specificity the basis of your denial.

**INTERROGATORY NO. 15:** If your response to Request for Admission No. 4 filed simultaneously herewith is anything other than an unqualified admission, please state with specificity the basis of your denial. *16*

**INTERROGATORY NO. 15:** If your response to Request for Admission No. 5 filed simultaneously herewith is anything other than an unqualified admission, please state with specificity the basis of your denial. *17*

**INTERROGATORY NO. 15:** If your response to Request for Admission No. 6 filed simultaneously herewith is anything other than an unqualified admission, please state with specificity the basis of your denial. *18*

**INTERROGATORY NO. 16:**   Will you supplement your answers to these interrogatories upon receipt of any information which would alter, amend or supplement your previous answers?

Respectfully submitted,

EMILY B. CARRIGAN; AND,
PATRICK CARRIGAN, FOR THE
BENEFIT OF EMILY B. CARRIGAN

By: _____
Paul J. James (Ark. Bar No. 83091)
James, Carter & Coulter, PLC
500 Broadway, Suite 400
P.O. Box 907
Little Rock, Arkansas 72203
Telephone: (501) 372-1414
Facsimile: (501) 372-1659
pjj@jamescarterlaw.com
Attorney for the Plaintiff

6

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

EMILY B. CARRIGAN; AND
PATRICK CARRIGAN,
AS POWER OF ATTORNEY FOR
EMILY B. CARRIGAN

**17TH DIVISION**

ELECTRONICALLY
PLAINTIFF

VS.     **60CV 2012-1369** CASE NO.

MAR 2 2 2012

TIME: _11:19:28_

LINCOLN NATIONAL CORPORATION
D/B/A LINCOLN FINANCIAL GROUP

CASE DEFENDANT

### PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT

Pursuant to the Arkansas Rules of Civil Procedure, Plaintiff Emily B. Carrigan and Patrick Carrigan as Power of Attorney for Emily B. Carrigan, serve the following Requests for Admissions to be answered separately and fully in writing, under oath, including opinions where fairly called for, in relation to fact or application of law to fact by Defendant Lincoln National Corporation d/b/a Lincoln Financial Group.

**REQUEST FOR ADMISSION NO. 1**:  Please admit Emily B. Carrigan has been diagnosed with Alzheimer's disease.

**REQUEST FOR ADMISSION NO. 2**:  Please admit Emily B. Carrigan has been diagnosed with senility.

**REQUEST FOR ADMISSION NO. 3**:  Please admit Emily B. Carrigan has been diagnosed with irreversible dementia.

**REQUEST FOR ADMISSION NO. 4**:  Please admit Emily B. Carrigan has not been paid the Convalescent Care Benefit Rider $75.00 per day benefits.

**REQUEST FOR ADMISSION NO. 5**:  Please admit Emily B. Carrigan is entitled to $75.00 per day benefit beginning 90 days from October 24, 2008 on her Lincoln Financial Group Convalescent Care Benefit Rider.

1

**REQUEST FOR ADMISSION NO. 6:** Please admit as of March 22, 2012, Defendant

Lincoln Financial Group owes Emily B. Carrigan $84,425.00 pursuant to the terms of her

Convalescent Care Benefit Rider policy.

Respectfully submitted,

EMILY B. CARRIGAN; AND,
PATRICK CARRIGAN, FOR THE
BENEFIT OF EMILY B. CARRIGAN

By:_____
Paul J. James (Ark. Bar No. 83091)
James, Carter & Coulter, PLC
500 Broadway, Suite 400
P.O. Box 907
Little Rock, Arkansas 72203
Telephone: (501) 372-1414
Facsimile: (501) 372-1659
pjj@jamescarterlaw.com
Attorney for the Plaintiff

2