**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 0 2012

JAMES W. McCORMACK, CLERK
By:_____
DLP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EMILY B. CARRIGAN; AND PATRICK CARRIGAN, AS POWER OF ATTORNEY FOR EMILY B. CARRIGAN | ) ) ) ) Case No. 4:12 cv 236 Sww |
| Plaintiff, | ) ) |
| v. | ) ) |
| LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP; FIRST PENN-PACIFIC LIFE INSURANCE COMPANY; and, LINCOLN NATIONAL LIFE INSURANCE COMPANY | ) ) ) ) This case assigned to District Judge Wright ) and to Magistrate Judge Ray |
| Defendants. | ) ) |

## ANSWER TO AMENDED COMPLAINT

Defendants, Lincoln National Corporation d/b/a Lincoln Financial Group, First Penn-Pacific Life Insurance Company, and Lincoln National Life Insurance Company ("Defendants") answer the Complaint filed against them as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim against Defendants upon which relief can be granted and should, therefore, be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Plaintiffs' claims fail on equitable grounds including but not limited to waiver, estoppel, unclean hands, acquiescence and ratification.

## THIRD DEFENSE

Defendants deny that Plaintiffs are entitled to attorneys' fees under federal, state or common law.

## FOURTH DEFENSE

Plaintiffs' Complaint fails to state a claim with the requisite particularity.

## FIFTH DEFENSE

Defendants deny that they have knowingly, willfully or intentionally violated any laws of the United States or the State of Arkansas.

## SIXTH DEFENSE

To the extent applicable, Plaintiffs' claims are barred either in whole or in part by the applicable statutes of limitations.

## SEVENTH DEFENSE

Defendants reserve the right to assert additional defenses or counter-claims that may be revealed through discovery in this matter and as appropriate and necessary.

For answer to the separately enumerated paragraphs of Plaintiffs' Amended Complaint, Defendants state as follows:

1.      Defendants are without personal knowledge to admit or deny the allegations contained in ¶ 1 of the Amended Complaint, which are therefore denied.

2.      Defendants aver that Lincoln Financial Group is not a corporation or legal entity but is merely a trade name or marketing name for the subsidiaries of Lincoln National Corporation, including The Lincoln National Life Insurance Company and First Penn-Pacific Life Insurance Company.  Lincoln National Corporation is a foreign corporation organized under the laws of Indiana, with its principal place of business in Pennsylvania.  The Lincoln National

2

Life Insurance Company is a foreign corporation organized under the law of Indiana, with its principal place of business in Indiana. First Penn-Pacific Life Insurance Company is a foreign corporation organized under the law of Indiana, with its principal place of business in Illinois. Defendants admit that they conduct business in Arkansas.

      3.      Defendants admit the allegations contained in ¶ 3 of the Amended Complaint.

      4.      Defendants admit the allegations contained in ¶ 4 of the Amended Complaint.

      5.      Defendants admit the allegations contained in ¶ 5 of the Amended Complaint.

      6.      Defendants aver that the document to which Plaintiffs refer speaks for itself, and, to the extent the allegations contained in ¶ 6 of the Amended Complaint vary therefrom, Defendants deny them. Defendants further aver in the affirmative that the Convalescent Care Benefit Rider contains additional, material terms, and that Mrs. Carrigan failed to satisfy all conditions precedent to entitlement to benefits under it.

      7.      Defendants are without personal knowledge to admit or deny the allegations contained in the first sentence ¶ 7 of the Amended Complaint, which are therefore denied. Defendants admit that Mrs. Carrigan made a claim for benefits under the Convalescent Care Benefit Rider in 2008. Defendants deny the allegations contained in ¶ 7 of the Amended Complaint to the extent those allegations assert liability against them.

      8.      Defendants admit that Mrs. Carrigan's 2008 claim for benefits under the Convalescent Care Benefit Rider was denied on April 16, 2009, because she did not meet the qualifications for benefits under it.

      9.      Defendants admit that Mrs. Carrigan submitted another claim for benefits under the Convalescent Care Benefit Rider in November 2010. Defendants deny the allegations

contained in ¶ 9 of the Amended Complaint to the extent those allegations assert liability against them.

10.     Defendants admit that Mrs. Carrigan's November 2010 claim for benefits under the Convalescent Care Benefit Rider was denied on June 15, 2011 because Mrs. Carrigan did not meet the qualifications for benefits under it.

11.     Defendants deny the allegations contained ¶ 11 of the Amended Complaint.

12.     Defendants deny the allegations contained ¶ 12 of the Amended Complaint.

13.     Defendants deny the allegations contained ¶ 13 of the Amended Complaint.

14.     Defendants deny the allegations contained ¶ 14 of the Amended Complaint.

15.     Defendants admit that Plaintiffs seek an award of damages and other relief, but deny that Plaintiffs are entitled to the relief requested.

16.     Defendants deny the allegations contained in ¶ 16 of the Amended Complaint.

17.     Defendants deny that Plaintiffs are entitled to the relief requested in the Prayer for Relief, or any other relief whatsoever against it.

18.     Defendants deny each allegation of the Amended Complaint not previously admitted, denied or qualified.

WHEREFORE, Defendants asks that this Court enter an Order dismissing Plaintiffs' Amended Complaint, and all claims embraced therein, with prejudice, that this Court award Defendants their reasonable attorneys' fees and costs, and that this Court award Defendants all other proper relief.

This the 19th day of April, 2012

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

_____
Leigh M. Chiles (AR Bar No. 98223)
Stacie S. Winkler (TN Bar No. 23098)
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, TN  38103
(901) 526-2000
lchiles@bakerdonelson.com
swinkler@bakerdonelson.com

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record, via U.S. Mail and has been submitted through the ECF system for the Eastern District of Arkansas, on the 19th day of April, 2012 upon:

Paul J. James
James, Carter & Coulter, PLC
500 Broadway, Suite 400
P. O. Box 907
Little Rock, Arkansas  72203


_____
Stacie S. Winkler